**DISMISS; and Opinion Filed April 28, 2017.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-16-01529-CV

**JUSTIN WERNER, REAGAN WERNER, AND JASON HANSELMAN, Appellants**
**V.**
**LIQUID CAPITAL EXCHANGE, INC., Appellee**

**On Appeal from the 192nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-16-00831**

## MEMORANDUM OPINION

Before Justices Fillmore, Whitehill, and Boatright
Opinion by Justice Fillmore

On April 19, 2016, the trial court signed a default judgment awarding Liquid Capital Exchange, Inc. liquidated damages in the amount of $570,425.53, attorney's fees and expenses in the amount of $2,982.22, and post-judgment interest. The awarded damages, attorney's fees and expenses, and post-judgment interest were assessed individually, jointly, and severally against Justin Werner, Regan Werner, and Jason Hanselman.

Justin and Regan Werner (collectively "the Werners") filed a notice of appeal of the default judgment on December 30, 2016. Hanselman filed a notice of appeal of the default judgment on March 23, 2017. Because each of the notices of appeal appeared to have been untimely filed, we questioned our jurisdiction over the appeal and requested letter briefs from the parties addressing our jurisdiction. The Werners and Liquid Capital Exchange, Inc. responded to our request; Hanselman did not respond.

The timely filing of a notice of appeal is jurisdictional. *Calce v. Dorado Expl., Inc.*, 309 S.W.3d 719, 730 (Tex. App.—Dallas 2010, no pet.). Under Texas Rule of Appellate Procedure 26.1, a notice of appeal must be filed no later than thirty days after the judgment is signed. TEX. R. APP. P. 26.1. However, if any party timely requests findings of fact and conclusions of law as authorized by rule 26.1(a)(4) or timely files a motion for new trial, a motion to modify the judgment, or a motion to reinstate in accordance with Texas Rule of Civil Procedure 165a, the notice of appeal may be filed up to ninety days from the date of judgment or, with a timely extension motion, up to 105 days from the date of judgment. *See id.* 26.1(a), 26.3.

The record indicates Hanselman timely filed a motion for new trial on May 18, 2016. Accordingly, the deadline for filing a notice of appeal was July 18, 2016 or, with an extension motion, August 2, 2016. *See id.* 26.1(a), 26.3. Other notices of appeal could be filed within that time frame or up to fourteen days after the filing of the first notice of appeal. *See id.* 26.1(d). The Werners' notice of appeal, however, was not filed until December 30, 2016, and Hanselman's notice of appeal was not filed until March 23, 2017. Both notices of appeal are untimely.

Accordingly, we dismiss the appeal. *See id.* 42.3(a).

/Robert M. Fillmore/
ROBERT M. FILLMORE
JUSTICE

161529F.P05

–2–



# Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

JUSTIN WERNER, REAGAN WERNER, AND JASON HANSELMAN, Appellants

No. 05-16-01529-CV          V.

LIQUID CAPITAL EXCHANGE, INC., Appellee

On Appeal from the 192nd Judicial District Court, Dallas County, Texas
Trial Court Cause No. DC-16-00831.
Opinion delivered by Justice Fillmore. Justices Whitehill and Boatright participating.

In accordance with this Court's opinion of this date, we **DISMISS** the appeal.

It is **ORDERED** that appellee Liquid Capital Exchange, Inc. recover its costs, if any, of this appeal from appellants Justin Werner, Reagan Werner, and Jason Hanselman.

Judgment entered this 28th day of April, 2017.